IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KUMON NORTH AMERICA, INC.** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| **STEPS TO SUCCESS, INC. and** ) | No. | 07 C 7254 |
| **PALI SHAH** ) | | |
| ) | Judge Norgle | |
| ) | Magistrate Judge Schenkier | |
| **Defendants.** ) | | |
| ) | | |

**PLAINTIFF'S LR 40.4 MOTION FOR REASSIGNMENT OF RELATED CASE**

NOW COMES plaintiff, KUMON NORTH AMERICA, INC. ("Kumon"), by its attorneys, pursuant to Local Rule 40.4 of the Rules of Civil Procedure, for its motion for reassignment of a related case. In support thereof, plaintiff states as follows:

**INTRODUCTION**

The matter styled as *Steps to Success, Inc. Kumon North America*, case no. 08 C 90, which is pending before the Honorable Judge John W. Darrah in the United States District Court for the Northern District of Illinois, Eastern Division is a related case because involves the same issues of fact and law and grows out of the same transactions and occurrences. Moreover, all of the conditions of LR 40.4(b) can be established; therefore, case no. 08 C 90 should be reassigned to this Court pursuant to LR 40.4.

**RELEVANT FACTS**

1.      On December 27, 2007, Kumon filed this matter against Steps to Success, Inc. and Pali Shah. [Doc. 1].

1

2. Kumon has asserted claims for declaratory judgment, injunctive relief, breach of contract, breach of guaranty and misrepresentation arising out of a franchise relationship with defendants. [Doc. 1].

3. The claims arise out of Kumon's termination of the defendants' franchise agreement based on defendants' underreporting, failure to report and misrepresentation of student enrollment. [Doc. 1].

4. By this action, Kumon seeks declaratory judgment, injunctive relief and damages. [Doc. 1].

5. On January 4, 2008, Kumon filed its notice of removal of an action filed in the Circuit Court of Cook County by defendant Steps to Success, Inc.

6. A copy of the complaint filed by defendant Steps to Success, Inc. is attached hereto as Exhibit A.

7. The action filed by Steps to Success, Inc. is pending before Honorable Judge John W. Darrah in the United States District Court for the Northern District of Illinois, Eastern Division as *Steps to Success, Inc. v. Kumon North America, Inc.*, case no. 08 C 90. (A copy of the docket report from PACER is attached hereto as Exhibit B).

8. Steps to Success, Inc.'s claims similarly arise out of the termination of the franchise agreement by Kumon. (*See* Ex. A). Steps to Success, Inc. also seeks preliminary and permanent injunctive relief enjoining the termination and closure of the Steps to Success, Inc. store and damages. (Ex. A).

9. Steps to Success, Inc. asserts that the termination of the franchise agreement was improper because it did not underreport, fail to report or misrepresent student enrollment. (Ex.

2

A). Based on these allegations, Steps to Success, Inc. asserts claims for injunctive relief, violation of Illinois Franchise Disclosure Act and breach of contract. (Ex. A).

## ARGUMENT

In reviewing a motion to reassign a case on the basis of relatedness, the moving party must satisfy the requirements of both LR 40.4(a) and LR 40.4(b). LR 40.4. Under LR 40.4(a), "[t]wo or more civil cases may be related if one or more of the following conditions are met: … (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence." LR 40.4(a). Only one of the above conditions must be met to satisfy LR 40.4. LR 40.4(a)

Here, this matter and 08 C 90 are related pursuant to LR 40.4(a). The matters involve the same parties and witnesses. Moreover, both cases specifically concern defendants' conduct under the franchise agreement with Kumon and their reporting of students to Kumon. The issue of whether defendants underreported, failed to report or misrepresented the students enrolled is central in both cases and to all of the relief being sought in each case. Accordingly, it is indisputable these two matters involve the same issues of fact and law and the cases grow out of the same transaction or occurrence.

A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and the criteria of LR 40.4(b) are met. LR 40.4(b). LR 40.4(b) requires that to be reassigned:

(1)   both cases are pending in this Court;

(2)   the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to substantially delay the proceedings in the earlier case; and

(4) the cases are susceptible of disposition in a single proceeding.

Here, as demonstrated below, each of the LR 40.4(b) criteria can be established. Accordingly, case number 08 C 90 should be reassigned to this Court.[1]

*(1)   Both cases are pending in this Court*

As stated above, the two related cases are pending in this Court. Case 08 C 90 is pending before Judge Darrah. (*See* Ex. B). Consequently, the first criteria of LR 40.4(b) has been met.

*(2)   The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort.*

Under LR 40.4(b)(2), the judicial savings would be substantial. The same parties and witnesses are involved in both cases. In both cases, the determination of whether defendants' conduct was improper is being sought. Because the claims arise out of the same underlying facts, the discovery, motion practice, legal findings, defenses and summary judgment motions will be the same. Consequently, reassignment would avoid having two courts spend significant time and energy dealing with the same motions, issues and claims – particularly the claims for declaratory and injunctive relief which arise out of the same underlying facts and conduct. Moreover, because the underlying facts of the two related matters involving these parties are the same, reassignment would further serve to eliminate the possibility of inconsistent rulings and decisions in each of these cases. For these reasons, reassignment will result in substantial judicial savings; therefore, LR 40.4(b)(2) has been met..

---

[1] Pursuant to LR 40.4, the motion for reassignment "shall be filed with the judge before whom the lowest-numbered case of the claimed related set is pending." Consequently, the motion for reassignment has been filed herein.

    *(3)    The earlier case has not progressed to the point where designating a later-filed case as related would be likely to substantially delay the proceedings in the earlier case.*

In the earlier case, defendants have not yet filed a responsive pleading, no discovery has been conducted and a discovery schedule has not been established. Similarly, in 08 C 90 (the later filed case), Kumon has not yet filed a responsive pleading to the complaint, no discovery has been conducted and a discovery schedule has not been established. Accordingly, the earlier case (this matter) has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case.

    *(4)    The cases are susceptible of disposition in a single proceeding.*

The related cases involve the same parties and the same issues of law and fact. The determination of whether defendants underreported, failed to report or misrepresented the students enrolled is central to all of the claims asserted in both matters. In this case, these factual allegations serve as the basis for Kumon's claims in this matter for declaratory judgment, injunctive relief, breach of contract and fraud. Likewise, in the matter pending before Judge Darrah, Steps to Success, Inc.'s claims that it did not engage in this conduct form the basis of its claims for relief against Kumon and that Kumon did not have good cause for termination of the franchise agreement. Accordingly, the cases are susceptible of disposition in a single proceeding.

## CONCLUSION

Pursuant to LR 40.2(c), Kumon has set forth the points of commonality in sufficient detail to indicate that the cases are related within the meaning of LR 40.4(a) and that each of the criteria of LR 40.4(b) have been met. Therefore, this Court should find that this matter and 08 C 90 are related and order that 08 C 90 be reassigned to this calendar.

WHEREFORE, KUMON NORTH AMERICA, INC. respectfully prays for an order granting this motion for reassignment and for an order reassigning the later filed case of *Steps to Success, Inc. v. Kumon North America, Inc.*, case no. 08 C 90, to this Court pursuant to LR 40.4.

Dated: January 14, 2008                    Respectfully submitted,

**KUMON NORTH AMERICA, INC.**

By: s/ Andrew P. Bleiman
    One of its Attorneys

Fredric A. Cohen (IL ARDC# 6198606)
Andrew P. Bleiman (IL ARDC# 6255640)
**CHENG COHEN LLC**
1101 West Fulton Market
Suite 200
Chicago, Illinois  60607
(312) 243-1701
fredric.cohen@chengcohen.com
andrew.bleiman@chengcohen.com

**CERTIFICATE OF SERVICE**

  Andrew P. Bleiman, counsel for Kumon North America, Inc., states that on January 14, 2008, a copy of the foregoing Motion for Reassignment of Related Case was filed and served electronically on all counsel of record herein via ECF filing.

                   :  s/ Andrew P. Bleiman

Fredric A. Cohen (IL ARDC# 6198606)
Andrew P. Bleiman (IL ARDC# 6255640)
**CHENG COHEN LLC**
1101 West Fulton Market
Suite 200
Chicago, Illinois  60607
(312) 243-1701
fredric.cohen@chengcohen.com
andrew.bleiman@chengcohen.com