## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| STEPS TO SUCCESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KUMON NORTH AMERICA, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    07CH37426 <br><br> JURY DEMAND |

### COMPLAINT FOR EQUITABLE AND OTHER RELIEF

STEPS TO SUCCESS, INC. (hereinafter, "Plaintiff") by and through its attorneys, SCHWARTZ COOPER CHARTERED, complains against Defendant KUMON NORTH AMERICA, INC. (hereinafter, "Kumon"), as follows:

1.  Plaintiff asserts this Complaint against its franchisor Kumon. Plaintiff alleges that Kumon breached its obligations under the franchise agreements, engaged in false and deceptive conduct, violated the Illinois Franchise Disclosure Act, 815 ILCS 705/19, and is otherwise liable to the Plaintiff under applicable law. Also, as a matter of equity, Plaintiff requests an order declaring that Plaintiff is free to retain ownership and control of the business without unreasonable interference by Kumon.

### THE PARTIES

2.  Plaintiff is a corporation licensed to do business in the State of Illinois. Ms. Pallavi Shah ("Ms. Shah") owns and operates the Kumon Learning Center at 1612 West Algonquin Road, Hoffman Estates, Illinois, which is the subject of this Complaint.

461886.1 SCGK-SCGK

3. Upon information and belief, Kumon is a Delaware corporation with its principal place of business located at 300 Frank West Burr Boulevard, Teaneck, New Jersey. Defendant operates the Kumon franchise system. Kumon is registered to do business in the State of Illinois and its registered agent is National Registered Agents, Inc., at 700 West Adams Street, Chicago, Illinois 60606.

## FACTUAL ALLEGATIONS

4. Ms. Shah has operated the Kumon Learning Center in Hoffman Estates, Illinois for approximately 15 years under the franchise agreements with Kumon.

5. Over Ms. Shah's 15 years of ownership, Ms. Shah has invested enormous quantities of time, money and effort into the franchise.

6. Ms. Shah's performance as a franchisee has been extraordinary.

7. Throughout her 15 years as a Kumon franchisee, Ms. Shah paid her fees on time and, until recently, she never received a notice of default or notice of termination.

8. Plaintiff has paid over $750,000 in royalties to Kumon and never paid a late fee.

9. Ms. Shah managed the business very well despite Kumon's failures in the delivery of support and assistance.

10. Ms Shah was forced to face down and resolve on her own countless problems with the Kumon system.

11. Ms Shah has been and remains one of the leading franchisees in the Kumon system and is one of the leading contributors to Kumon's success and survival over her 15 years as a franchisee.

12. Ms. Shah grew her business from 15 enrolled students at start-up to almost 400 students now enrolled at her one school.

13. Ms. Shah has fostered an exceptional relationship with the parents in her community and most of her new business is through their good references.

14. Through Ms. Shah's hard work and investment, the business grew and became extremely valuable.

15. In 2007, Kumon began having substantial problems with its "E-file" record keeping and franchisee reporting system.

16. Upon information and belief, Kumon is phasing out the E-File system and bringing in an improved computer database system for franchisees to document student enrollment and business activity.

17. Kumon has not brought Ms Shah into the new system despite the fact that she expressed her desire to do so.

18. In September and October of 2007, Ms. Shah unilaterally informed Kumon of the problems with Kumon's computer system and Ms. Shah sought to rectify the errors.

19. Meanwhile, on October 4, 2007, Kumon sent representatives to Ms. Shah's Hoffman Estates teaching location at 6:25 p.m. for an unannounced inspection.

20. Upon arrival, Kumon inspected Ms. Shah's records and confronted and photographed Ms. Shah, her employees and parents of some of the students.

21. Despite the confrontational approach being taken by Kumon, Ms. Shah attempted to be as accommodating as possible.

22. Ms. Shah made all documents and materials available for full inspection.

23. Kumon then sought to leave Ms. Shah's premises with the business' original books and records, despite the fact that the franchise agreement only provides a right to "inspection", not possession, of the records.

24. Ms. Shah and her husband explained to Kumon that the original records were important for the ongoing operation of the business and could not leave the Center at that time.

25. At approximately 7:30 p.m. on December 4, 2007, Mr. and Mrs. Shah asked the Kumon representatives to leave the Center as Mr. and Mrs. Shah needed to go home.

26. Ms. Shah offered to open the Center again for Kumon the following day, as early as 8:00 a.m.

27. The Kumon representatives refused to accept Ms. Shah's offer to return the following day and refused to leave the premises unless they were allowed to take with them the original documents.

28. Mr. and Mrs. Shah were forced to contact the Hoffman Estates Police Department.

29. The Kumon representatives left the Learning Center only after the police arrived and asked them to leave.

30. After correspondence between the attorneys for the parties, an arrangement was agreed upon for Kumon to bring portable copiers to the Center to copy documents.

31. Upon information and belief, the Kumon representatives remain angry about the police involvement and are determined to find or generate some reason to terminate Ms. Shah's franchise agreement and to sell the business for a substantial profit.

32. On November 19, 2007, Kumon sent a letter to Ms. Shah purporting to terminate the franchise agreement "with no opportunity to cure", claiming that she intentionally underreported, failed to report or misrepresented students enrolled at the Learning Center.

33. Kumon provided a list of students which it claimed were not properly reported. The students' names do appear in Ms. Shah's records.

34. Despite Ms. Shah's requests, Kumon failed and refused to provide any further explanation or to respond to Ms. Shah's requests for additional information regarding the alleged reporting problems.

35. Kumon's letter set a termination date of January 31, 2008 as the purported last day for the operation of Ms. Shah's Learning Center.

36. On December 6, 2007, counsel for Ms. Shah sent a letter to counsel for Kumon disputing Kumon's contentions, showing that there were no valid grounds for termination and requesting any documents or information that would tend to provide some support for Kumon's allegations.

37. On December 14, 2007, without responding to the letter, Kumon sent a letter to Ms. Shah's customers (the parents of students) informing them of Kumon's termination of the franchise on January 31, 2008 and that the parents will need to transfer to another Kumon location. The letter also offered a waiver of registration fees and a one free month tuition voucher for use at neighboring Kumon centers.

38. Although many parents remain loyal to Ms. Shah and her business operation, Kumon intentionally and in bad faith harmed Ms. Shah's business in a way that will be difficult or impossible to repair.

## COUNT I
### (Preliminary and Permanent Injunctive Relief)

39.  Plaintiff realleges, as if fully restated herein, its allegations set forth in the paragraphs above.

40.  The unlawful conduct of Kumon has caused and will continue to cause substantial irreparable damages to Plaintiff including especially its loss of goodwill interest in the business.

41.  Preliminary and permanent injunctive relief is necessary to prevent further irreparable damages to Plaintiff and its business interests.

42.  Plaintiff has a right to operate the business free from interference from Kumon. Plaintiff requires injunctive relief to ensure the necessary level of protection and to prevent Kumon from terminating the Franchise Agreement, closing the business or otherwise interfering with its operation.

43.  Plaintiff requests a preliminary and permanent injunction enjoining Kumon from closing Plaintiff's center or otherwise interfering with its business.

WHEREFORE, Plaintiff respectfully requests that this Court:

(A)  Enter a Preliminary and Permanent Injunction on Count I, enjoining Kumon from closing Plaintiff's center or otherwise interfering with its business;

(B)  Enter judgment for Plaintiff and against defendant barring any attempts by Kumon to enforce Kumon's alleged contractual rights which are precluded as a result of its willful and/or material breaches of contract; and

(C)  Grant such other and further relief, as the Court deems just and appropriate.

## COUNT II
### (Breach of the Illinois Franchise Disclosure Act - Unlawful Termination)

44. Plaintiff realleges, as if fully restated herein, the allegations set forth in the paragraphs above.

45. At all relevant times, Kumon was a franchisor subject to the Illinois Franchise Disclosure Act.

46. At all relevant times, it was a violation of Section 19 of the Illinois Franchise Disclosure Act, 815 ILCS 705 et seq., for a franchisor to terminate a franchise of a franchised business located in Illinois prior to the expiration of its term except for "Good Cause".

47. Pursuant to Section 19 of the Illinois Franchise Disclosure Act, 815 ILCS 705/19, before a franchisor can terminate a franchise based upon a failure to comply with any lawful provisions of the franchise agreement, the franchisor must give the franchisee notice of the default and a reasonable opportunity to cure such default, with the exception that the franchisor need not provide notice and an opportunity to cure in situations in which the franchisee:

   (1) makes an assignment for the benefit of creditors or a similar disposition of the assets of the franchise business;

   (2) voluntarily abandons the franchise business;

   (3) is convicted of a felony or other crime which substantially impairs the good will associated with the franchisor's trademark, service mark, trade name or commercial symbol; or

   (4) repeatedly fails to comply with the lawful provisions of the franchise or other agreement.

48. Plaintiff did not make an assignment for the benefit of creditors or a similar disposition of the assets of the franchise business.

49. Plaintiff did not voluntarily abandon the franchise business.

50. Plaintiff was not convicted of a felony or other crime which substantially impairs the good will associated with the franchisor's trademark, service mark, trade name or commercial symbol.

51. Plaintiff did not repeatedly fail to comply with the lawful provisions of the franchise or other agreement.

52. Pursuant to Section 19 of the Illinois Franchise Disclosure Act, before Kumon could terminate Plaintiff's franchise agreements based upon Plaintiff's alleged underreporting, Kumon was required to provide Plaintiff with notice and a reasonable opportunity to cure the alleged default.

53. Plaintiff never intentionally underreported, failed to report or misrepresented students enrolled at the Learning Center.

54. Furthermore, even if discovery reveals that some reporting mistakes were made, Kumon failed and refused to accept any right of Plaintiff to cure or correct the alleged mistakes.

55. Moreover, Kumon's faulty e-file reporting system was entirely, or at least partially, responsible for the reporting difficulties upon which Kumon attempts to base its alleged right to terminate.

56. Kumon terminated Plaintiff's franchise agreement without good cause and without providing Plaintiff with an opportunity to cure.

57. This termination without good cause and without providing any opportunity to cure was a violation of Section 19 of the Illinois Franchise Disclosure Act.

58. As a result of the violations of the Illinois Franchise Disclosure Act, Plaintiff suffered substantial damages, including lost profits, damages to the good will, profitability and

value of its franchise business, and lost business reputation, as well as other direct, indirect and consequential damages and was forced to expend time and money, including the payment of court costs and attorneys' fees.

WHEREFORE, Steps to Success, Inc., respectfully requests that this Court:

(A)  Enter judgment in its favor and against Defendant on Count II of the Complaint;

(B)  Award Plaintiff all damages to which it is entitled, including attorneys' fees, pursuant to the Illinois Franchise Disclosure Act, punitive damages, as allowed by the Illinois law, multiple damages, together with prejudgment interest and post-judgment interests, costs, expenses, disbursements and fees;

(C)  Rescind the Franchise Agreement between Plaintiff and Kumon and award Plaintiff all fees and royalties Plaintiff has paid Kumon for the last 15 years; and

(D)  award it any further relief the Court deems just.

## COUNT III
### (Breach of Contract)

59.  Plaintiff realleges, as if fully restated herein, the allegations set forth in the paragraphs above.

60.  Kumon breached its contract with Plaintiff by terminating the Franchise Agreement without cause and without providing Plaintiff with any opportunity to cure.

61.  Kumon also breached its contract by failing to provide adequate and functioning support and assistance, especially regarding training and reporting assistance.

62.  Kumon also breached its express contractual obligations and the contractual obligations construed under the implied duty of good faith and fair dealing owed to Plaintiff.

That implied duty meant that under the contract, Kumon was obliged not to act in a manner that precluded plaintiff from obtaining the fruits of the contract and to take reasonable steps to enable the Plaintiff to obtain the benefit of the contracts and her reasonable expectations.

63.  As a result of Kumon's breaches of contract, Plaintiff suffered substantial damages, including lost profits, damages to the good will, profitability and value of their franchise business, and lost business reputation, as well as other direct, indirect and consequential damages and was forced to expend time and money, including the payment of court costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that this Court:

(A)  Enter judgment in its favor and against Defendant on Count III of the Complaint;

(B)  Award Plaintiff all damages to which it is entitled, including attorneys' fees, pursuant to the Illinois Franchise Disclosure Act, punitive damages, as allowed by the Illinois law, multiple damages, together with prejudgment interest and post-judgment interests, costs, expenses, disbursements and fees;

(C)  Rescind the Franchise Agreement between Plaintiff and Kumon and award Plaintiff all fees and royalties Plaintiff has paid Kumon for the last 15 years; and

(D)  award it any further relief the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

          STEPS TO SUCCESS, INC.

     BY:  _/s/ Seth Rosenberg_____
          One of its attorneys

Carmen D. Caruso
Seth Rosenberg
SCHWARTZ COOPER CHARTERED (31395)
180 North LaSalle Street, Suite 2700
Chicago, IL 60601
312-346-1300

Rory A. Valas
VALAS AND ASSOCIATES, P.C.
250 Summer Street
Boston, MA 02210
617-399-2200
(Motion For Admission Pro Hac Vice to be filed)