UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KUMON NORTH AMERICA, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **C.A. No. 07 C 7254** |
| STEPS TO SUCCESS, INC.<br>and PALI SHAH, | )<br>) JUDGE NORGLE<br>) MAGISTRATE JUDGE SCHENKIER<br>) |
| Defendants. | )<br>) |
| STEPS TO SUCCESS, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) [ Related Case C.A. No. 08 C 90] |
| KUMON NORTH AMERICA, INC.,<br>ROBERT CONRAN,<br>and MINO TANABE, | )<br>)<br>)<br>) |
| Defendants | )<br>) |

### DEFENDANTS' ANSWER AND JURY DEMAND

Defendants Steps To Success, Inc. ("S2S") and Pali Shah (collectively "Defendants") answer the Complaint of Kumon North America, Inc. (hereafter "Plaintiff" or "Kumon") in numbered paragraphs corresponding to the numbered paragraphs of the Complaint as follows:

### THE PARTIES

1.    This Paragraph of the Complaint sets forth information regarding the Plaintiff. Defendants are without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and defendants therefore deny them.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. This Paragraph requires no response as it seeks to set forth alleged legal conclusions regarding jurisdiction. To the extent a response is deemed necessary, Defendants deny the allegations.

5. This Paragraph requires no response as it seeks to set forth alleged legal conclusions regarding venue. To the extent a response is deemed necessary, Defendants deny the allegations.

## ALLEGED BACKGROUND FACTS

6. This Paragraph of the Complaint sets forth information regarding the Plaintiff and its methods. Defendants are without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and defendants therefore deny them.

7. This Paragraph of the Complaint sets forth information regarding the Plaintiff, its marks and methods. Defendants are without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and defendants therefore deny them.

8. Defendants admit that S2S entered into a Franchise Agreement on or about September 1, 2006 for the operation of a Kumon Learning Center franchise in Hoffman Estates, Illinois. To the extent a further answer is deemed necessary Defendants deny the remaining allegations.

9. Admitted.

10. The Franchise Agreement describes numerous rights and obligations of the parties and Defendants deny Plaintiff's incomplete summary of contract language. To the extent a further answer is deemed necessary Defendants deny the remaining allegations.

11. The Franchise Agreement describes numerous rights and obligations of the parties and Defendants deny Plaintiff's incomplete summary of contract language. To the extent a further answer is deemed necessary Defendants deny the remaining allegations.

12. The Franchise Agreement describes numerous rights and obligations of the parties and Defendants deny Plaintiff's incomplete summary of contract language. To the extent a further answer is deemed necessary Defendants deny the remaining allegations.

13. Defendants admit that representatives of Kumon made an unannounced inspection of S2S' Learning Center on October 4, 2007. Defendants deny the remaining allegations.

14. Defendants admit that counsel for Kumon sent a letter to Defendants dated October 5, 2007. Defendants deny Plaintiff' characterizations of the letter and the remaining allegations.

15. Defendants deny that there were delays by Defendants regarding Kumon's inspection and state that Defendants offered to open its center at 8 a.m. on October 5, 2007 for inspection. Defendants admit that Kumon inspected records on October 26, 2007. Defendants deny the remaining allegations.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendants admit that they have a right to continue to operate the Learning Center and have stated in letters that they have such a right. Defendants deny the remaining allegations.

21. The Franchise Agreement describes numerous rights and obligations of the parties and Defendants deny Plaintiff's incomplete summary of contract language. To the extent a further answer is deemed necessary, Defendants deny the remaining allegations.

22. The Franchise Agreement and Guaranty describe numerous rights and obligations of the parties and Defendants deny Plaintiff's incomplete summary of contract language. To the extent a further answer is deemed necessary Defendants deny the remaining allegations.

23. Denied.

## Count I

24. The defendants reallege and incorporate by reference the answers contained in the paragraphs above as if fully set forth herein.

25. Admitted.

26. This Paragraph requires no response as it seeks to set forth alleged legal conclusions regarding 28 U.S.C. § 2201 *et seq.*. To the extent a response is deemed necessary, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief stated in the WHEREFORE paragraph immediately following this paragraph.

## Count II

27. The defendants reallege and incorporate by reference the answers contained in the paragraphs above as if fully set forth herein.

28. This Paragraph requires no response as it seeks to set forth alleged legal conclusions regarding 28 U.S.C. § 2202. To the extent a response is deemed necessary, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

29. This Paragraph requires no response as it seeks to set forth alleged legal conclusions regarding 28 U.S.C. § 2202. To the extent a response is deemed necessary, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested therein or in the WHEREFORE paragraph immediately following this paragraph.

### Count III

30. The defendants reallege and incorporate by reference the answers contained in the paragraphs above as if fully set forth herein.

31. The Franchise Agreement describes numerous rights and obligations of the parties and Defendants deny Plaintiff's incomplete summary of contract language. To the extent a further answer is deemed necessary, Defendants deny the remaining allegations.

32. The defendants deny the allegations contained in this paragraph, and deny that Plaintiff is entitled to any of the relief stated in the WHEREFORE paragraph immediately following this paragraph.

### Count IV

33. The defendants reallege and incorporate by reference the answers contained in the paragraphs above as if fully set forth herein.

34. The Franchise Agreement and Guaranty describe numerous rights and obligations of the parties and Defendants deny Plaintiff's incomplete summary of contract language. To the extent a further answer is deemed necessary, Defendants deny the remaining allegations.

35. The defendants deny the allegations contained in this paragraph, and deny that Plaintiff is entitled to any of the relief stated in the WHEREFORE paragraph immediately following this paragraph.

Count V

36.     The defendants reallege and incorporate by reference the answers contained in the paragraphs above as if fully set forth herein.

37.     The Franchise Agreement describes numerous rights and obligations of the parties and Defendants deny Plaintiff's incomplete summary of contract language.  To the extent a further answer is deemed necessary, Defendants deny the remaining allegations.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     The defendants deny the allegations contained in this paragraph, and deny that Plaintiff is entitled to any of the relief stated in the WHEREFORE paragraph immediately following this paragraph.

AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiff' Complaint fails to state claims upon which relief can be granted.

Second Affirmative Defense

The prior and material breaches of contract and of the implied covenant of good faith and fair dealing by Plaintiff discharged any obligation on the part of defendants to further perform and bars Plaintiff's claims for relief.

Third Affirmative Defense

Plaintiff' violations of Illinois law, including the Illinois Franchise Disclosure Act, 815 ILCS 705/1 *et seq.*  precludes and otherwise bars Plaintiff's claims for relief.

### Fourth Affirmative Defense

Plaintiff is barred from seeking equitable relief under the doctrine of unclean hands.

### Fifth Affirmative Defense

The Plaintiff, by its statements, acts and conduct, are estopped from asserting that the defendants breached the agreements referred to in Plaintiff's Complaint.

### Sixth Affirmative Defense

The contracts in question are unconscionable and unenforceable under the circumstances presented.

### Seventh Affirmative Defense

Plaintiff has waived any claims it may have had to the relief sought.

### Eighth Affirmative Defense

The conduct of Plaintiff made it impossible or difficult for defendants to perform and discharged any obligation on the part of defendants to perform the obligations sued upon.

### Ninth Affirmative Defense

Plaintiff and defendants engaged in a course of performance which altered and/or clarified the rights of the parties under the written agreements to which Plaintiff referred in its Complaint.

### Tenth Affirmative Defense

Plaintiff's claims are barred for failure to make required disclosures concerning the agreements sued upon.

### Eleventh Affirmative Defense

The defendants were discharged from any further obligation to perform by the failure of the consideration for their contracts.

...

## Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part by its own wrongdoing in connection with the problems alleged.

## Thirteenth Affirmative Defense

Plaintiff' claims are barred by its failure to provide adequate opportunity to cure the alleged problems.

## JURY DEMAND

Defendants demand a trial by jury on all counts so triable.

Respectfully submitted
STEPS TO SUCCESS, INC.

/s/ Rory A. Valas
Rory A. Valas
VALAS AND ASSOCIATES, P.C.
250 Summer Street
Boston, MA 02210
Telephone: (617) 399-2200
(U.S.D.C., N.D.Ill. Bar No. 90785292)

Carmen D. Caruso
Seth M. Rosenberg
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, Ilinois 60601
(312) 346- 1300
(U.S.D.C., N.D.Ill. Bar No. 6189462)

## CERTIFICATE OF SERVICE

Rory Valas, counsel for Steps to Success, Inc, states that on January 22, 2008 , a copy of this pleading was served electronically on all counsel of record herein.

/s/ Rory A. Valas