IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KUMON NORTH AMERICA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No.  07 C 7254 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | Magistrate Judge Schenkier |
| STEPS TO SUCCESS, INC. AND PALI SHAH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF KUMON NORTH AMERICA, INC.'S MOTION TO COMPEL**

Plaintiff Kumon North America, Inc. ("Kumon" or "Plaintiff"), by its attorneys, and pursuant to Fed. R. Civ. P. 37 respectfully moves the Court to compel defendants Steps to Success, Inc. ("STS") and Pali Shah ("Shah") (collectively "Defendants") to produce responsive documents and provide information requested by plaintiff.  In support of its motion, Kumon states as follows:

**INTRODUCTION**

Defendants routinely and systematically underreported and failed to report student enrollment and attendance at their franchised Kumon Center.  In a further effort to conceal the misconduct, defendants have refused to produce relevant documents and information requested by plaintiff.  Specifically, defendants have withheld production of student "recordbooks" and worksheets which demonstrate dates on which the student attended and work completed by each student.  These documents serve to demonstrate instances where defendants fraudulently reported absences or failed to report enrollment despite the student's enrollment and attendance at defendants' Center.

This matter is set for trial on May 13, 2008. On December 27, 2007, Kumon filed suit against defendants for misrepresentation, breach of its franchise agreement and to enforce the termination of the franchise agreement against defendants. Subsequently in January 2007, Kumon agreed to defendants' request to stay the termination of its franchise relationship with defendants and allow the defendants to continue their operation of a Kumon franchise until trial on the matter, which the parties agreed would occur on an expedited basis. Consistent with this agreement, the May 13, 2008 trial date was scheduled on January 25, 2008. Kumon agreed to stay termination in reliance upon defense counsel's commitment to cooperate in discovery in light of the expedited nature of the trial.

Despite this agreement to schedule trial on an expedited basis, defendants have failed to cooperate with Kumon's discovery requests, failed to produce necessary documents that Kumon needs to prepare for trial, ignored Kumon's attempt to resolve discovery disputes and obstructed Kumon's subpoenas and discovery of information. Accordingly, plaintiff' motion to compel should be granted.

## BACKGROUND FACTS

1. On December 27, 2007, Kumon filed suit against defendants for misrepresentation, breach of its franchise agreement and to enforce termination of the franchise agreement against defendants.

2. Shortly thereafter, Kumon agreed to stay termination of its franchise agreement with defendants until the resolution of trial and to set the case on an expedited trial schedule, allowing defendants to continue their operation of a Kumon franchise.

3. On January 25, 2008, this court set this case for an expedited trial date of May 13, 2008.

### A. Incomplete and Insufficient Responses to First Set of Discovery Requests

4. On February 21, 2008, Kumon propounded its first set of interrogatories and requests for production on both defendants. (*See* Kumon's First Set of Requests for Production and First Set of Interrogatories are attached as Exhibit A).

5. Defendants served their responses to Kumon's discovery requests on March 18, 2007 and subsequently produced documents. The documents produced by defendants were not Bates labeled and numerous documents were copied poorly which has prevented plaintiff's counsel from being able to read pertinent dates on those documents.

6. Additionally, the production fails to include records for students before the fall of 2007 or any student worksheets. These documents are responsive to Kumon's document requests Nos. 9 and 11. (*See* Ex. A, ¶¶ 9 and 11). Defendants objected to Kumon's requests and responded that it would provide documents for the relevant time period.

7. Defendants further failed to respond at all to Kumon's requests for production 9, 10, 12, 14, 21 and 24.[1]

8. In an attempt to discover documents and information not received, counsel for Kumon contacted defense counsel pursuant to Rule 37 on March 19, 2007. (*See* Plaintiff's Fed. R. Civ. Pro. 37 correspondence is attached as Exhibit B).

9. Specifically, Kumon's counsel requested a full response to Interrogatory No. 4 which requested the dates STS' employees were employed in order to determine whether a

---

[1] Kumon does not ask this court to compel defendants to produce documents in response to these document requests in this motion.

subpoena or notice of deposition was required. Additionally, Kumon requested copies of defendants' student files and records from 2006 to the present that were not produced pursuant to Kumon's document requests.

10. Plaintiff's counsel again contacted defense counsel to follow-up on its Rule 37 request on March 20 and 21 and April 2, 8, 10 and 11, 2008. Additionally, due to the insufficiency of defendants' production, Kumon asked to inspect defendants' documents at defendants' business. (*See* Emails between plaintiff's counsel and defense counsel attached as Group Exhibit C).

### B.   **Depositions of Defendants' Employees and Defendants' Interference with Kumon's Lawfully Issued Rule 45 Subpoenas for Deposition**

11. On April 3, 2008, having received no response from defense counsel or any dates on which to depose the STS employees, plaintiff's counsel noticed the deposition of twelve of defendants' employees.

12. On April 8, 2008, despite plaintiff's counsel's prior repeated requests for dates on which to depose defendants' employees, defense counsel indicated that contrary to the employee relationship noted in defendants' discovery documents, defense counsel would not produce said individuals for deposition and plaintiff counsel's would need to subpoena those employees for depositions. Upon receipt of this information, plaintiff's counsel issued subpoenas to twelve of defendants' employees.

13. Though defense counsel did not issue the subpoenas and information for defense counsel did not appear on the subpoenas, from Friday, April 11, 2008 through Monday, April 14, 2008, defense counsel Mr. Rory Valas forwarded nine emails and a fax addressed to himself from the subpoenaed employees. Each item of correspondence is addressed directly to Mr.

Valas, states that the times and location of deposition are inconvenient, that the deponent will not appear for the deposition, and requests that the deposition take place in Hoffman Estates. Not a single deponent contacted the plaintiff's attorney listed on the subpoena. (*See* emails from the subpoenaed employees attached as Exhibit D).

14. The similarity between these responses demonstrates defendants' and defense counsel's orchestration of the subpoenaed witnesses failure to appear for depositions and obstruction with the ten subpoenas issued by Kumon.

C. **Defendants' Failure to Respond to Kumon's Supplemental Interrogatories**

15. On April 8, 2008, Kumon propounded upon defendants Kumon's First Supplemental Set of Interrogatories, which included only three interrogatories, two of which only asked defendants to identify information in photographs. (A copy of Kumon's First Supplemental Set of Interrogatories is attached as Exhibit E).

16. Due to the expedited discovery schedule and the upcoming depositions, Kumon requested that these identifications be made within seven days, making them due April 14, 2008.

17. On April 14, 2008, plaintiff's counsel contacted defense counsel requesting defendants' responses to this discovery request. (*See* Email dated April 14, 2008 attached as Exhibit F).

18. During defendant Shah's deposition on April 18, 2008, Plaintiff's counsel also asked defendant Shah to identify the STS employee in the same photographs that were attached as exhibits in Kumon's First Supplemental Set of Interrogatories. Shah responded that she was unable to identify her own employee photographed outside of the defendants' Kumon Center.

19. Defense counsel has failed to answer said interrogatories and refused to cooperate. (*See* Email from Rory Valas attached as Exhibit G).

20.     To date, defendants have failed to produce:  1) records books for students dated between 2006 and the October 2007; 2) any student worksheets; and 3) responses to Plaintiff's First Supplemental Set of Interrogatories.

**ARGUMENT**

Fed. R. Civ. P. 26 provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  As a result of defendants' fraudulent reporting practices and concealment of information, Kumon seeks recordbooks and worksheets for all students for whom defendants were required to report and pay royalties to Kumon during the term of defendants' franchise agreement.  These documents and information sought are highly relevant and discoverable.  Defendants' objections to these requests are unfounded and without merit.  Shah testified at her deposition that she maintains these documents in ordinary course of business and retains these documents for years, and failure and refusal to produce these documents is improper.

Kumon requests that this court enter an Order compelling inspection of all worksheets and recordbooks for all students enrolled at defendant's center from September 2006 to the present and production of the same documents.  Kumon further requests that this court enter an Order compelling the defendants to investigate and identify the STS employee referenced in Plaintiff's First Supplemental Set of Interrogatories.

**WHEREFORE,** plaintiff respectfully requests the Court compel the defendants to provide the above documents, order the defendants to investigate and identify the STS employee referenced in Plaintiff's First Supplemental Set of Interrogatories, award plaintiff reasonable

expenses in making this motion, including attorneys fees, and any other relief the Court deems fair and just.

Dated: April 25, 2008

        Respectfully submitted,

        **CHENG COHEN LLC**

        By: s/     Danielle M. Kays
            Fredric A. Cohen
            Andrew P. Bleiman
            Danielle M. Kays
            1101 West Fulton Market, Suite 200
            Chicago, IL 60607-1213
            P 312.243.1717
            M 312.351.5335
            fredric.cohen@chengcohen.com
            andrew.bleiman@chengcohen.com
            danielle.kays@chengcohen.com