UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KUMON NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **C.A. No. 07 C 7254** |
| | ) | |
| STEPS TO SUCCESS, INC. | ) | JUDGE NORGLE |
| and PALI SHAH, | ) | MAGISTRATE JUDGE SCHENKIER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| STEPS TO SUCCESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | [ Related Case C.A. No. 08 C 90] |
| | ) | |
| KUMON NORTH AMERICA, INC., | ) | |
| ROBERT CONRAN, | ) | |
| and MINO TANABE, | ) | |
| | ) | |
| Defendants | ) | |

DEFENDANTS' RESPONSE TO KUMON'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.

Pursuant to Fed. R. Civ. P. 34, Defendants / Plaintiff in Counterclaim Steps To Success, Inc. ("S2S") and Pali Shah hereby respond to Kumon's Request for Production of Documents as follows:

GENERAL OBJECTIONS

A.    Defendants object to each document request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants object to

1

each document request and to the definitions and instructions to the extent that they require more than is required under the Federal Rules of Civil Procedure. Nothing contained in these answers is intended to, or in any way shall be deemed, a waiver of any privilege or doctrine. In responding to each document request, the Defendants will not provide privileged or protected information.

      B.      Defendants also refuse to supplement its responses except to the extent required by the Federal Rules of Civil Procedure. Many of the documents requested by plaintiff may be subject to privileges and objections have been noted.  The inadvertent failure to object to a specific request on the grounds of privilege, relevance, work product, trial preparation, annoyance, embarrassment, oppression, unwarranted invasions of privacy, etc., shall not be a waiver of the right to raise appropriate objections as the document production process is implemented.

      C.      Defendants also object to and refuse to provide information obtained from documents that were generated by Kumon, that should continue to be among Kumon's internal records, and that were not produced by Kumon although requested to do so by the Defendants.

      D.      The Defendants also object to the place designated for production and state that responsive documents shall be produced at the Defendants' place of business as they are kept in the usual course of business, unless otherwise agreed upon by the Defendants.  Defendants also object to the method of service and Kumon's failure to provide a Rule 26 disclosure before serving its written discovery.

E.	In addition to the voluminous documents referenced in this response which have been identified as responsive to plaintiff's requests others, which may have been responsive, were destroyed in the ordinary course of business.

F.	Defendants object to each request on the grounds of the attorney-client privilege and/or work product doctrine to the extent that it seeks segregation of the documents by the defendant or its attorneys according to any claim or allegation asserted by the defendant.  Subject to and without waiving its objections, defendants state that all correspondence between defendants and their attorneys has been withheld as privileged and protected.  Also, all notes, memos or other work product prepared by the defendants with or at the instruction of their attorneys has been withheld as privileged and protected.

G.	Defendants also object to each document request to the extent it is overly broad or burdensome and to the extent it seeks information that is neither relevant not reasonably calculated to lead to the discovery of admissible evidence. In particular, Defendants object to requests for documents for irrelevant time periods including dates before S2S acquired the business.

H.	These objections are incorporated by reference into each response to a request for documents.

## INSTRUCTIONS

1.	This First Set of Interrogatories is continuing and requires supplemental responses. Any responsive information obtained or discovered subsequent to the service of the answers hereto shall be supplied forthwith.

2.	If any information herein requested is withheld because you claim that such information is privileged or protected, you are requested to submit a written statement that:

(a)	Describes the information in as much detail as possible without disclosing

   the privileged or protected portion of the information;

   (b) Identifies the person(s) from whom the information was derived;

   (c) Specifies the subject matter of the document, the privilege or protection claimed, and the basis therefor.

 3. You shall also follow the instructions and definitions set forth in Fed. R. Civ. P. 26 and 33 and those instructions and definitions sought to be imposed upon Defendants in Plaintiff's discovery requests.

## DOCUMENT REQUEST

**DOCUMENT REQUEST NO. 1.** All documents identified in your response to Plaintiff's First Set of Interrogatories to Defendants.

### Response No. 1

 Subject to and without waiving their objections including the General Objections, the Defendants agree to produce all potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 2.** All documents and communications which evidence, refer or relate to the Kumon Math & Reading Center of Hoffman Estates, including but not limited to school catalogs, brochures, advertisements, advertising lists, announcements, correspondence, bulletins, memos, enrollment agreements, handbooks, syllabi, and course materials.

### Response No. 2

 Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce all potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 3.** All documents and communications which evidence, refer or relate to tuition, payments, tuition waiver, tuition exemption, registration fees, financial aid, scholarships, or grants associated with or related to the Kumon Math & Reading Center of Hoffman Estates since January 1, 1992.

**Response No. 3**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce all potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 4.** All documents and communications which evidence, refer or relate to your finances, budgets, or accounting.

**Response No. 4**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce the Budget, balance sheets, and financial statements for S2S in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 5.** All documents and communications which evidence, refer or relate to your diaries, calendars, appointment books, or schedules since January 1, 1992.

**Response No. 5**

Defendants further object to this request as being overbroad and designed only to harass

and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce the appointment summaries in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 6.** All documents and communications which evidence, refer or relate to your seating charts, room assignments, or lesson plans.

**Response No. 6**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 7.** All documents and communications which evidence, refer or relate to purchases or orders you made for supplies, food, or beverages.

**Response No. 7**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 8.** All documents and communications which evidence, relate or refer to the Kumon Math & Reading Center in Hoffman Estates business hours, hours of operation, employee times sheets, and employee attendance records.

**Response No. 8**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 9.** All documents and communications which evidence, relate or refer to enrollment, student attendance, student absences, student records, or student files for all children who were present at the Kumon Reading & Math Center of Hoffman Estates for any length of time from April 6, 2006 until the present.

**Response No. 9**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 10.** All documents and communications which evidence, relate or refer to your Center Management File.

**Response No. 10**

Defendants further object to this request as being overbroad and designed only to harass

and burden defendants.  Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 11.** All documents and communications which evidence, relate or refer to student assignments, worksheets, grades, report cards, aptitude scores, or progress reports.

**Response No. 11**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants.  Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 12.** All Contingency Fee Agreement(s) and other contracts or agreements between you and your attorneys.

**Response No. 12**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants.   There being absolutely no potential relevance to the agreements between client and attorney, there will be no production of the confidential agreement.

**DOCUMENT REQUEST NO. 13.** All documents and communications which evidence, refer or relate to applications and inquiries for enrollment at the Kumon Math & Reading Center of Hoffman Estates since January 1, 1992.

**Response No. 13**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 14.** All documents and communications which evidence, refer or relate to evaluations, performance, reviews, awards, or commendations for any and all managers, employees, instructors, or assistants who have worked at your facility since January 1, 1992.

**Response No. 14**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 15.** All documents and communications which evidence, refer or relate to background checks of any and all managers, employees, instructors, or assistants who worked at your facility since January 1, 1992.

**Response No. 15**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and

that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 16.** All documents and communications which evidence, refer or relate to monthly reports, Instructor B Reports, student application forms, placement tests, achievement tests, or any and all documents required to be submitted to plaintiff regularly each month.

**Response No. 16**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 17.** All documents and communications which evidence, relate or refer to your website and online inquiries.

**Response No. 17**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 18.** All documents and communications which evidence, relate or refer to comments, complaints, or criticisms of you or your employees, managers, instructors, or assistants.

**Response No. 8**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants know of no responsive documents.

**DOCUMENT REQUEST NO. 19.** All documents and communications which evidence, relate or refer to building and facility maintenance records, cleaning bills, and housekeeping receipts or invoices for your property or facility.

**Response No. 19**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 20.** All documents reflecting, referring, or relating to manager, employee, instructor, and assistant teaching certificates, certifications, and personnel files.

**Response No. 20**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 21.** All documents evidencing, relating, and referring to the outside employment of you and all of your managers, employees, instructors, and assistants from January 1, 1992.

**Response No. 21**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 22.** All documents reflecting, referring, or relating to your policies, regulations, and enrollment records from January 1, 1992 until the present.

**Response No. 22**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 23.** All documents which reflect, refer or relate to the address and contact information for the parents of all enrolled students, applicants, and potential applicants for the Kumon Math & Reading Center of Hoffman Estates from January 1, 1992 until the present.

**Response No. 23**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that

they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 24.** All security tapes, recordings, or security records of activities on site of the Kumon Math & Reading Center in Hoffman Estates from October 5, 2007 until the present.

**Response No. 24**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 25.** All documents reflecting, referring, or relating to your phone records, bills or reports, including but not limited to all cellular phones, for the dates October 5, 2007 through October 6, 2007.

**Response No. 25**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 26.** All documents reflecting, referring, or relating to police reports, incident reports, or other documents which evidence, refer or relate to incidents involved in this lawsuit, including but not limited to all reports dated October 4, 2007.

**Response No. 26**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 27.** All documents reflecting, referring, or relating to Articles of Incorporation, By-laws, and operating agreements of the Defendant Steps to Success, Inc. from January 1, 1992 until the present.

**Response No. 27**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 28.** All documents reflecting, referring, or relating to Defendant Steps to Success, Inc.'s corporate minutes, resolutions, quarterly and annual reports, and notices of meetings from January 1, 1992 until the present.

**Response No. 28**

Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and

that are not subject to a valid privilege or protection.

**DOCUMENT REQUEST NO. 29.** All documents reflecting, referring, or relating to Defendants' federal and state income tax returns from 1992 until the present.

**Response No. 29**

     Defendants further object to this request as being overbroad and designed only to harass and burden defendants. Subject to and without waiving their objections, the Defendants agree to produce potentially relevant documents in their possession, custody or control, to the extent that they exist, as they are kept in the usual course of business, that are responsive to this request and that are not subject to a valid privilege or protection.

                            STEPS TO SUCCESS, INC.

                            /s/ Rory A. Valas
                            Rory A. Valas
                            VALAS AND ASSOCIATES, P.C.
                            250 Summer Street
                            Boston, MA 02210
                            Telephone: (617) 399-2200
                            (U.S.D.C., N.D.Ill. Bar No. 90785292)

                            Carmen D. Caruso
                            Seth M. Rosenberg
                            Schwartz Cooper Chartered
                            180 N. LaSalle Street, Suite 2700
                            Chicago, Ilinois 60601
                            (312) 346- 1300
                            (U.S.D.C., N.D.Ill. Bar No. 6189462)

                    CERTIFICATE OF SERVICE

Rory Valas, counsel for Steps to Success, Inc, states that on March 18, 2008, a copy of this pleading was served by hand on all counsel of record herein.

                            /s/ Rory A. Valas