UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KUMON NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **C.A. No. 07 C 7254** |
| ) | |
| STEPS TO SUCCESS, INC. ) | JUDGE NORGLE |
| and PALI SHAH, ) | MAGISTRATE JUDGE SCHENKIER |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| STEPS TO SUCCESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | [ Related Case C.A. No. 08 C 90] |
| ) | |
| KUMON NORTH AMERICA, INC., ) | |
| ROBERT CONRAN, ) | |
| and MINO TANABE, ) | |
| ) | |
| Defendants ) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
AND IN OPPOSITION TO MOTION TO COMPEL REGARDING DEPOSITIONS AND
<u>MOTION TO SHOW CAUSE AGAINST CHRISTINA KELLEY</u>

Steps to Success, Inc., as a party interested in avoiding the harassment of its contract employees, respectfully request that the court enter a protective order requiring that counsel for Kumon meet their obligations under Fed. R. Civ. P. 45(c)(1) to take reasonable steps to avoid imposing undue burden or expense on proposed deponent Christina Kelley or any other person subject to a deposition subpoena served by counsel for Kumon.   Steps to Success, Inc. also

1

requests that Kumon's Motion to Compel and Motion for Rule to Show Cause be denied and appropriate relief granted.

I.      Standard

Fed. R. Civ. P. 45(c)(1) is explicitly designed to protect Persons Subject to a Subpoena from Undue Burden or Expense. It requires:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1)

Also, Fed. R. Civ. P. 26(c) allows the Court to enter "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… specifying terms, including time and place, for the disclosure or discovery."

II.      The Subpoenas, Scheduling and Undue Burden

The helpers and graders working part-time at Steps to Success, Inc. are mostly high school students and elderly retirees. They certainly are nonparties to the underlying litigation with very limited information concerning any of the issues in dispute.

Kumon and its attorneys issued subpoenas to twelve of the part-time contract employees working for Steps to Success, Inc. Evidently, the subpoenas were served by a "disheveled" individual, some after dark, and as late as 10 p.m. The subpoenas called for the contract

employees to appear for deposition in the meatpacking district of downtown Chicago, on short notice, during regular school hours.

Understandably, each contract employee contacted Ms. Pali Shah of Steps to Success, Inc. to complain about the subpoenas. Ms. Shah told each of them to write down their scheduling conflicts, if any, and to forward the statements to her attorney, Mr. Valas. Attorney Valas simply forwarded the messages from the contract employees to counsel for Kumon, Danielle Kay. There was "no orchestration of the subpoenaed witnesses' failure to appear for depositions" or "obstruction".

As set forth in her Affidavit filed herewith, Ms. Kelley works full time as a paraprofessional educator for special needs children at Eastview Elementary School in Algonquin, Illinois. On April 11, 2008, the day after receiving the subpoena, Ms. Kelley sent an e-mail, through Attorney Valas, to Ms. Danielle Kays, counsel for Kumon, stating that she worked at her teacher assistant job Monday through Friday from 8 a.m. to 3 p.m. She also asked Ms. Kays to reschedule the deposition for a location near Hoffman Estates. Nonetheless, Danielle Kays unilaterally rescheduled the deposition, without consulting counsel for Steps for Success Inc., for 10 a.m. on Thursday, April 17 in downtown Chicago. Ms. Kays stubbornly refused to reschedule the deposition to the afternoon of April 17 despite the availability of both Ms. Kelley and Mr. Valas in Chicago on that day. Some of the responsive e-mails that Ms. Kays left out of her submissions to the court are attached hereto as Exhibits A - F.

In recent discussions concerning the rescheduling of Ms. Kelley's deposition, Ms. Kays continues her stubborn insistence on commencing the deposition on a weekday morning, in complete disregard of the burden imposed upon Ms. Kelley. Ms. Kays has also ignored an offer to use an available office in Hoffman Estates for the deposition.

3

Ms. Kelley and these other part-time contract employees working for Steps to Success Inc. have had no involvement in the reporting of student enrollment at the Hoffman Estates learning center. No meaningful discovery could reasonably be expected from them. Nonetheless, Kumon's counsel expresses a need to depose these individuals.

Kumon terminated the franchise agreement of Steps to Success Inc. based entirely false and exaggerated assumptions concerning student enrollment. Kumon is now scrambling to find some other reporting mistake or problem to try to retroactively apply to its termination decision.

As Steps to Success Inc. did not intentionally misreport enrollment, Kumon will not find evidence of intentional misreporting from these contract employees or elsewhere. However, Kumon and its attorneys evidently will not be satisfied until every person working for Steps to Success, Inc. and every parent of its students are chased away.

III.   Conclusion

All of the circumstances warrant issuance of a protective order directing Kumon and its counsel to refrain scheduling the deposition(s) at a time and place unduly burdensome upon the person(s) subject to the subpoenas. Moreover, Steps to Success Inc. asks that appropriate relief be granted due to Kumon's failure to properly confer before filing the Motion to Compel and for Kumon's efforts to take Steps to Success Inc. and its counsel away from its trial preparations, including the filings due May 2.

WHEREFORE, Steps to Success, Inc. and Christine Kelley request that the court ALLOW the Motion for Protective Order and DENY Kumon's Motions on these issues.

    CHRISTINE KELLEY

    STEPS TO SUCCESS, INC.,
    By its attorneys,

/s/ Rory A. Valas
Rory A. Valas
VALAS AND ASSOCIATES, P.C.
250 Summer Street
Boston, MA 02210
Telephone: (617) 399-2200
(U.S.D.C., N.D.Ill. Bar No. 90785292)

Carmen D. Caruso
Seth M. Rosenberg
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, Ilinois 60601
(312) 346- 1300
(U.S.D.C., N.D.Ill. Bar No. 6189462)

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.2

Defendants hereby certify that efforts were made including efforts through a telephonic conference on April 29, 2008 between Rory Valas, counsel for Defendants, and Danielle Keys, counsel for Kumon and e-mails including those on April 30 and May 1 to narrow the issues involved in this discovery dispute and such efforts were unsuccessful.  Counsel has fulfilled the "meet and confer" requirements of the rules and the parties have been unable to reach agreement.

Signed under the penalties of perjury:

/s/ Rory A. Valas