**Rory Valas**

**From:** Rory Valas [rav@franchiseelaw.com]
**Sent:** Wednesday, April 16, 2008 5:01 PM
**To:** 'Danielle M. Kays'
**Subject:** RE: Computer

Danielle:

To further explain our need for the computer and the workable E-File program:

In S2S' first set of interrogatories:

**INTERROGATORY NO. 12**: Fully identify any and all problems that Kumon or Kumon learning centers, including the S2S learning center, have had regarding Kumon's e-file system and/or file back-up problems, including an identification of the franchisees who have had problems, the nature of the problems that the learning centers have faced with the e-file system and/or file back-up problems, how Kumon learned of the problems, the actions that Kumon has taken to try to resolve the complaints or problems, the persons at Kumon with knowledge of any efforts to resolve the complaints or problems, and any actions Kumon has taken against any of the centers registering any such complaints.

**RESPONSE**: Kumon objects as vague, overbroad, unduly burdensome, and neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, upon information and belief, *Kumon is aware that franchisees have encountered user-related errors on the part of the franchisee while using the e-file system.* The franchisees resolved their user-related errors with the assistance of Kumon's information technology department. Kumon is not aware that any other franchisee has encountered "file back-up problems" or any other problems such as the type alleged by STS and Shah. (emphasis added)

Since Kumon admits that their computer program has provided franchisees problems, it is fair to argue that this computer program is a central discoverable issue. During the relevant time period, S2S reported all enrollment data using Kumon's E-filing system. The E-File program needs to be available to S2S and its expert during the deposition of the Kumon representative most knowledgeable of the E-File problems and S2S' problems with the E-File program. S2S has a strong need for the program during the deposition and it is within Kumon's own means to comply.

We are willing to accommodate Kumon's request to conduct the deposition in New Jersey. Please let me know if you need any further description and if April 25 at the Kumon corporate offices in New Jersey would work.

We ask that Kumon likewise accommodate the contract employees' schedules and conduct their depositions in Hoffman Estates. You indicated that this is not currently an issue as there are no depositions currently scheduled. However, we want this issue resolved, with court intervention if necessary, if we cannot come to an agreement. We do not want more threats and harassment like we had with Ms. Kelley.

Rory Valas

**GOLDSTEIN VALAS, LLC**
**250 Summer Street**
**Boston , MA 02210**
**rav@franchiseelaw.com**
**617-399-2200**

**PRIVILEGED AND CONFIDENTIAL**
**IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE LET US KNOW AND DESTROY THIS MESSAGE.  THANK YOU.**

**From:** Danielle M. Kays [mailto:danielle.kays@chengcohen.com]
**Sent:** Wednesday, April 16, 2008 4:27 PM
**To:** Rory Valas
**Subject:** RE: Deposition for Kumon

As just discussed, please identify in writing exactly what you are asking the Rule 30(b)(6) witness to provide, and I will address your request.

Thank you.

**Danielle M. Kays**
Cheng Cohen LLC
1101 W. Fulton Market, Suite 200
Chicago, IL  60607
T| 312.957.4666
M|312.720.8042
F| 312.277.3961
danielle.kays@chengcohen.com

4/30/2008