UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KUMON NORTH AMERICA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPS TO SUCCESS, INC. ) <br> and PALI SHAH, ) <br> ) <br> Defendants. ) <br>_____) <br> ) <br> STEPS TO SUCCESS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KUMON NORTH AMERICA, INC., ) <br> ) <br> Defendant. ) <br>_____) | **C.A. No. 07 C 7254** <br> <br> JUDGE NORGLE <br> MAGISTRATE JUDGE SCHENKIER <br> <br> <br> <br> <br> <br> [ Related Case C.A. No. 08 C 90] |

## KUMON NORTH AMERICA, INC.'S ANSWERS TO STEPS TO SUCCESS, INC.'S FIRST SET OF INTERROGATORIES

Kumon North America, Inc. ("Kumon"), by its attorneys, hereby answers Steps to Success, Inc.'s ("STS") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Kumon objects to each individual request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, any other applicable privilege, or otherwise not subject to discovery under the Federal Rules of Civil Procedure, or otherwise. Disclosure of information that is subject to the attorney-client privilege,

1

work product doctrine, or other privilege is inadvertent and shall not constitute a waiver of any such privilege or protection.

2. Kumon objects to each individual request to the extent that it is vague, ambiguous, overly broad, lacks sufficient particularity and to the extent that it requires an oppressive, unduly burdensome, or prohibitively expensive search.

3. Kumon objects to each individual request to the extent that it requests the identification of information or documents and seeks disclosure of information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Kumon objects to each individual request to the extent that it seeks information which is already in STS' possession, custody or control and/or is readily accessible to STS or its counsel.

5. Kumon objects to each individual request to the extent that it requires Kumon to search for information not within its possession, custody, or control.

6. Kumon objects generally to each individual request to the extent it seeks information that is confidential and/or proprietary concerning Kumon's trade secrets, business methods and/or patents.

7. Because Kumon's investigation of the facts in this matter is continuing, Kumon reserves the right to supplement or alter its responses if new or different information is subsequently learned.

8. All responses set forth herein are made subject to, and without waiving, these General Objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Please identify all persons with knowledge of the factual allegations in the claims and allegations and the facts related to this case.

> **RESPONSE**: The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to this dispute are set forth in Kumon's Rule 26(a)(1) initial disclosures. Kumon continues to seek to identify other persons who may have knowledge or information relevant to this dispute, and it reserves the right to supplement its response to this Interrogatory No. 1.

**INTERROGATORY NO. 2:**   Please fully explain and describe in full and complete detail all enrollment that S2S allegedly misreported as stated in Kumon's Notice of Default and Termination letter.

> **RESPONSE**: Subject to Kumon's General Objections, and consistent with Fed. R. Civ. P. 33(d), see documents produced by Kumon, including but not limited to, Notice of Termination dated October 5, 2007, Notice of Termination dated November 19, 2007, related letters between the parties, and Kumon inspection reports. Kumon further states that it has been unable to determine the full and complete extent of the misrepresentations and underreporting by STS and Pali Shah ("Shah") because Shah hindered and obstructed Kumon's inspection of the STS learning center documents by removing documents from the STS learning center premises, limiting access to documents, destroying documents, and withholding documents from Kumon.

**INTERROGATORY NO. 3:**   Describe and identify in full and complete detail each and every oral or written communication between you and any other person or entity, including without limitation internal Kumon communications and/or communications with S2S,

3

concerning S2S' alleged violation of the franchise agreement and/or misreporting of enrollment, including in your answer:

    **(a)**    the date and method of the communication;

    **(b)**    the identities of all persons who participated in, was present during, prepared or received the communication; and

    **(c)**    a full and complete description of the substance of the communication.

    **RESPONSE**: Kumon specifically objects to this interrogatory as overly broad, unduly burdensome and subject to the attorney-client privilege. Subject to and without waiving said objections, and consistent with Fed. R. Civ. P. 33(d), Kumon states, see documents produced, including but not limited to, emails between Kumon employees, Notice of Termination dated October 5, 2007, Notice of Termination dated November 19, 2007, related letters between the parties, and Kumon inspection reports.

**INTERROGATORY NO. 4:**    For each affirmative defense asserted or to be asserted by Kumon in response to S2S' claims and allegations, please fully describe and identify all facts that tend to support the affirmative defense.

    **RESPONSE**: Kumon objects to this interrogatory as overly broad, unduly burdensome, and premature. Subject to and without waiving said objections, see Kumon's affirmative defenses.

**INTERROGATORY NO. 5:**    As to any expert retained by you in anticipation of litigation or in preparation for trial of this matter, please state the expert's name and provide a complete curriculum vitae of the expert, and as to any expert expected to testify at any trial of this action, please state the substance of the facts and opinions on which the expert is expected to testify and a summary of the grounds for each opinion.

    **RESPONSE**: Subject to and without waiving or otherwise limiting Kumon's General Objections, Kumon states that it will supplement and provide a response to the foregoing

interrogatory in accordance with Fed. R. Civ. Pro. 26 and in adherence to the discovery and scheduling order issued in this case. Further answering, to date, Kumon has not made a determination of who will be called at trial as expert witnesses.

**INTERROGATORY NO. 6:** Please fully describe and identify the factual basis for any contention that Kumon offered S2S an opportunity to cure prior to termination.

> **RESPONSE**: Subject to Kumon's General Objections, and consistent with Fed. R. Civ. P. 33(d), see documents produced by Kumon, including but not limited to, Notice of Termination dated October 5, 2007, Notice of Termination dated November 19, 2007, related letters between the parties, and Kumon inspection reports.

**INTERROGATORY NO. 7:** If you claim to have suffered damages as a result of any conduct of S2S, fully itemize and describe each element of damage allegedly suffered and the specific cause thereof.

> **RESPONSE**: Subject to Kumon's General Objections, Kumon states that it has suffered the following damages in an amount to be determined at trial: loss of future royalties; damage to Kumon's good will and reputation with Kumon customers and the general public; dilution and/or loss of the good will associated with the Kumon Proprietary Marks and business systems; lost profits and revenues; and other damages to be determined at trial.

**INTERROGATORY NO. 8:** For each of the students that Kumon claimed were involved with S2S' alleged underreporting, failing to report, or misrepresenting of enrollment at the Learning Center identify and describe:
    (a)    the dates involved with the alleged reporting problem;
    (b)    the evidence that supports the allegations that the student was enrolled and/or attending classes during the period of the alleged reporting problem; and,

5

**(c)** how Kumon learned of the problem including what information was relied upon by Kumon in determining that S2S underreported, failed to report, or misrepresented enrollment.

**RESPONSE**: Subject to Kumon's General Objections and Objections to Definitions, Kumon has been unable to determine the full and complete extent of the underreporting and misrepresentations by STS and Shah because Shah hindered and obstructed Kumon's inspection of the documents by removing documents from the STS learning center premises, limiting Kumon's access to documents, and withholding documents from Kumon, amongst other things. Kumon further responds, consistent with Fed. R. Civ. P. 33(d), see documents produced by Kumon, including but not limited to, Notice of Termination dated October 5, 2007, Notice of Termination dated November 19, 2007, related letters between the parties, and Kumon inspection reports.

**INTERROGATORY NO. 9:** Fully describe and identify any and all plans or efforts by Kumon to open, or to franchise, a new location within 10 miles of S2S' learning center including, but not limited to, any applications or franchise agreements with any other Kumon franchisee regarding any such locations and a full identification of any franchisees or potential franchisees expressing an interest in developing a new learning center or acquiring an existing learning center at or within 10 miles of the S2S learning center.

**RESPONSE**: Subject to Kumon's General Objections, Kumon states that after sending its Notice of Termination dated November 19, 2007, Kumon placed a Barrington South location on the Kumon Expansion List. Kumon received three applications for the Barrington South location. After Kumon and STS agreed to stay enforcement of the STS termination until a trial on the merits in this case, Kumon removed the Barrington South location from the Expansion list.

**INTERROGATORY NO. 10:** Fully describe and identify any inspections or document examinations performed by Kumon at any other learning center in the greater Chicago market from January 2007 to date.

**RESPONSE**: Kumon objects as vague, overbroad, unduly burdensome, and neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Kumon responds that it has performed 147 inspections of learning centers in the Chicago Region from January 2007 until the present.

**INTERROGATORY NO. 11:** Fully describe and identify Kumon's plans or efforts to inspect the S2S learning center including, but not limited to, a description of any communication, memorandums, or documents, regarding the S2S learning center, notice of the alleged misreporting and/or the reasons for Kumon to initiate the inspection.

**RESPONSE**: Subject to Kumon's General Objections, and consistent with Fed. R. Civ. Pro. 33(d), Kumon states, see documents produced, including but not limited to, emails between Kumon employees, Notice of Termination dated October 5, 2007, Notice of Termination dated November 19, 2007, related letters between the parties, and Kumon inspection reports.

**INTERROGATORY NO. 12:** Fully identify any and all problems that Kumon or Kumon learning centers, including the S2S learning center, have had regarding Kumon's e-file system and/or file back-up problems, including an identification of the franchisees who have had problems, the nature of the problems that the learning centers have faced with the e-file system and/or file back-up problems, how Kumon learned of the problems, the actions that Kumon has taken to try to resolve the complaints or problems, the persons at Kumon with knowledge of any efforts to resolve the complaints or problems, and any actions Kumon has taken against any of the centers registering any such complaints.

**RESPONSE**: Kumon objects as vague, overbroad, unduly burdensome, and neither

7

relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, upon information and belief, Kumon is aware that franchisees have encountered user-related errors on the part of the franchisee while using the e-file system. The franchisees resolved their user-related errors with the assistance of Kumon's information technology department. Kumon is not aware that any other franchisee has encountered "file back-up problems" or any other problems such as the type alleged by STS and Shah.

**INTERROGATORY NO. 13:** Fully identify the owners of any and all Kumon learning centers who are currently utilizing reporting methods other than electronic or computer based reporting systems and what Kumon has done to support or assist these centers in reporting information to Kumon.

> **RESPONSE**: Kumon objects to this Interrogatory as overbroad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving said objection, the following centers within the Chicago region do not use an electronic method of reporting to Kumon: Bloomington, Brookfield, Cary, Chicago-Lincoln Ave, Decatur, Madison-West, Munster, Northshore, Schaumburg-NE, and Woodridge. Kumon has at times assisted these centers in mailing their reports.

**INTERROGATORY NO. 14:** Fully describe and identify the individuals involved with the decision to terminate the franchise agreement of S2S, how they were involved, and upon what information the decision was based.

> **RESPONSE**: Subject to Kumon's General Objections, Kumon responds: Ron Conran and Mino Tanabe. Kumon further states, consistent with Fed. R. Civ. Pro. 33(d), see documents produced by Kumon, including but not limited to, the Notice of Termination dated October 5, 2007, Notice of Termination dated November 19, 2007, related letters between the parties, and the Kumon inspection reports.

8

**INTERROGATORY NO. 15:**   Fully identify the factual basis for your contention or allegation that S2S underreported, failed to report, or misrepresented enrollment at the S2S Learning Center.

**RESPONSE**: Kumon specifically objects to this interrogatory as overly broad, unduly burdensome and subject to the attorney-client privilege.  Subject to and without waiving said objections, Kumon responds, consistent with Fed. R. Civ. P. 33(d), see documents produced, including but not limited to, Notice of Termination dated October 5, 2007, Notice of Termination dated November 19, 2007, related letters between the parties, and Kumon inspection reports.  Kumon further states that Kumon has been unable to determine the full and complete extent of the misrepresentations and underreporting by STS and Shah because Shah hindered and obstructed Kumon's inspection of the STS learning center documents by removing documents from the STS learning center premises, limiting access to documents, and withholding documents from Kumon, amongst other things.

**INTERROGATORY NO. 16:**   Fully identify the factual basis for your contention or allegation that Kumon was entitled to terminate the S2S franchise agreement without providing an opportunity to cure.

**RESPONSE**: Subject to Kumon's General Objections, and consistent with Fed. R. Civ. Pro. 33(d), see documents produced by Kumon, including but not limited to, Notice of Termination dated October 5, 2007, Notice of Termination dated November 19, 2007, related letters between the parties, and Kumon inspection reports.

**INTERROGATORY NO. 17:**   Fully identify and describe any and all document retention and/or destruction policies in place or being implemented by Kumon.

**RESPONSE**: Subject to Kumon's General Objections, Kumon retains accounting and

9

tax records for seven years.

           KUMON NORTH AMERICA, INC.

      By:   s/ Danielle M. Kays
         One of its Attorneys (as to objections)

      By: _____
         Ron Conran

Fredric A. Cohen
Andrew P. Bleiman
Danielle M. Kays
**CHENG COHEN LLC**
1101 West Fulton Market
Suite 200
Chicago, Illinois 60607
(312) 243-1701
fredric.cohen@chengcohen.com
andrew.bleiman@chengcohen.com
danielle.kays@chengcohen.com

CERTIFICATE OF SERVICE

Danielle M. Kays, counsel for Kumon North America, Inc, states that on March 24, 2008, a copy of this pleading was served via U.S. Mail on all counsel of record herein.

/s/Danielle M. Kays